UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x  20-cv-00800 (DNH)(CFH)

KAYLEAH WHITEHURST, on behalf of herself
and all others similarly situated,

                        Plaintiff

           -against-

MONTEREY FINANCIAL SERVICES, LLC
d/b/a MONTEREY COLLECTION SERVICES,

                    Defendant

-------------------------------------------------------------------x

**AMENDED CLASS ACTION COMPLAINT**

## PRELIMINARY STATEMENT

1. The Plaintiff KAYLEAH WHITEHURST ("Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Plaintiff files the herein Amended Class Action Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiff, and the class she seeks to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Albany County, New York.

5. The Defendant Monterey Financial Services, LLC d/b/a Monterey Collection Services ("MFS"), is a corporate debt collection entity and maintains a principle place of business located at 4095 Avenida de la Plata, Oceanside, California.

6. The Defendant MFS is registered as a Foreign Business Limited Liability Corporation with the New York Secretary of State for the purpose of conducting debt collection activity within the State of New York.

7. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

### JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district.

## FACTS CONCERNING THE PLAINTIFF

11. The Plaintiff is alleged by the Defendant to be indebted to Capital Communications FCU which was incurred for personal purposes.

12. The monetary obligation alleged to be owed by the Plaintiff is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

13. The Plaintiff is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

14. At a time unknown to the Plaintiff, the alleged debt went into default and was referred to the Defendant MFS for collection purposes.

15. In the attempt to collect the alleged debt from the Plaintiff, the Defendant sent a collection letter dated February 4, 2020 to the Plaintiff. A copy of said letter is attached hereto as Exhibit "1".

16. The letter attached herewith as Exhibit "1" was sent in an envelope, a copy of which is attached herewith as Exhibit "2".

17. The envelope includes the words "IMPORTANT TAX INFORMATION ENCLOSED".

18. The FDCPA expressly prohibits a debt collector from falsely representing or implying that the debt collector is vouched for, bonded by or affiliated with the United States or any State. 15 U.S.C. § 1692e(1).

19. The FDCPA expressly prohibits a debt collector from using and distributing written communications which falsely represented to be a document authorized, issued, or approved by an agency of the United States or any State and which creates a false impression as to its source authorization and approval. 15 U.S.C. § 1692e(9).

20. The FDCPA expressly prohibits a debt collector from using false representation or

deceptive means to collect or attempt to collect a debt and to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

21. A communication is deceptive within the meaning of section 1692e(10) if: (1) the terminology used is vague or uncertain. . . or (2) it can reasonably be read to have at least two different meanings, one of which is inaccurate.

22. The words "IMPORTANT TAX INFORMATION ENCLOSED" are set forth on the envelope in order to falsely imply that the letter enclosed therein is from the federal, state and/or local government.

23. The words "IMPORTANT TAX INFORMATION ENCLOSED" constitutes a communication which falsely represents to be a document authorized, issued, or approved by an agency of the United States or any State and which creates a false impression as to its source authorization and approval.

24. The words "IMPORTANT TAX INFORMATION ENCLOSED" on the envelope constitutes a false representation and a deceptive means to collect or attempt to collect a debt and to obtain information concerning a consumer.

25. The words "IMPORTANT TAX INFORMATION ENCLOSED" are falsely set forth in order to ensure that the consumer opens the envelope and to otherwise alarm the consumer in regard to potential tax liability.

26. In a further attempt to collect the alleged debt allegedly owed by the Plaintiff a person employed as a debt collector by the Defendant MFS placed a telephone message for the Plaintiff as follows:

> "Message is for Kayleah Whitehurst in regard to Capital Communications. This is Torey with an important call. My toll free number is 877-775-3091

extension 1625. I expect to hear a call from you today regarding this urgent matter."

27. The FDCPA further prohibits a debt collector from placing telephone calls without meaningful disclose of the callers identify. 15 U.S.C. § 1692d(6).

28. The FDCPA further requires a debt collector to state "This communication is from a debt collector" in all communications with a consumer which are placed following an initial communication with the consumer. 15 U.S.C. § 1692e(11).

29. The Defendant MFS further violated the FDCPA by failing to advise that the telephone message was from the Defendant MFS and by failing to advise that the Defendant MFS is a debt collector.

30. The Defendant MFS further violated the FDCPA by leaving telephone voice messages which create a false sense of urgency.

## CLASS ALLEGATIONS

31. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. This claim is brought on behalf of two classes consisting of:
    a. all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of this Complaint received a collection communication from the Defendant MFS which was sent in an envelope containing the words "IMPORTANT TAX INFORMATION

ENCLOSED".

b. all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of this Complaint received a telephone voice message from the Defendant MFS which failed to disclose the identity of MFS as the caller and which failed to advise that the Defendant MFS is a debt collector.

33. The identities of all class members are readily ascertainable from records maintained by the Defendant MFS.

34. Excluded from the classes defined heretofore herein are the Defendant MFS and all officers, members, partners, managers, directors, and employees of the Defendant MFS and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

35. There are questions of law and fact common to the classes, which common issues predominate over any issues involving only individual class members.

36. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

37. The Plaintiff will fairly and adequately protect the interests of the classes defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorney has any interests, which might cause them not to vigorously pursue this action.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that

the classes defined above are each so numerous that joinder of all members of the classes would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant MFS utilized false, deceptive and misleading debt collection means in the attempts to collect alleged personal debts.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent members of the class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f) Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the classes predominate over any questions affecting any individual member of the classes, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. The Defendant violated the FDCPA. The Defendant's violations include, but are not limited to, the following:

The Defendant violated 15 U.S.C. §1692d(6) by placing telephone calls without disclosing the identity of the Defendant MFS as the caller;

The Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts;

The Defendant violated 15 U.S.C. § 1692e(1) by sending letters in envelopes which falsely imply that the Defendant MFS is vouched for, bonded by or affiliated with the United States or any State;

The Defendant violated 15 U.S.C. § 1692e(9) by using and distributing written communications which falsely represented to be a document authorized, issued, or approved by an agency of the United States or any State and which creates a false impression as to its source authorization and approval.

The Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt and to obtain information concerning a

consumer.

The Defendant violated 15 U.S.C. § 1692e(11) by leaving a telephone message without disclosing that the Defendant MFS is a debt collector.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and the classes as set forth below:

(i) The maximum statutory damages for herself and the class as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
September 3, 2020

ROBERT L. ARLEO, ESQ. P.C.

By: */s/ Robert L. Arleo*
ROBERT L. ARLEO
380 Lexington Avenue, 17th Fl.
New York, New York 10168
PHONE (212) 551-1115
FAX: (518) 751-1801
Email: robertarleo@gmail.com
Attorney for the Plaintiff